## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**BASHIR POLLARD,**

       **Plaintiff,**

                           **Case No. 2:18-cv-4122**

   **v.**                      **Magistrate Judge Norah McCann King**

**ANDREW SAUL,**
**Commissioner of Social Security,**

       **Defendant.**

### <u>OPINION AND ORDER</u>

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Bashir Pollard for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court affirms the Commissioner's decision.

## I.    PROCEDURAL HISTORY

On December 8, 2010, Plaintiff filed an application for benefits, alleging that he has been disabled since January 1, 2009. R. 121−26. Plaintiff's application was denied initially and upon reconsideration. R. 69−73, 77−79. Plaintiff sought a *de novo* hearing before an administrative

---

[1] Andrew Saul, the current Commissioner of Social Security, is substituted as Defendant in his official capacity.

law judge. R. 80. Administrative Law Judge Dennis O'Leary ("ALJ O'Leary") held a hearing on December 13, 2012, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 21–46. In a decision dated January 11, 2013, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act since December 8, 2010, through the date of that decision. R. 12–17. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 24, 2014. R. 1–6.

Plaintiff timely filed an appeal from that decision pursuant to 42 U.S.C. § 405(g). R. 335, 337. On March 10, 2015, United States District Judge Katherine S. Hayden reversed that decision, concluding that the ALJ's finding regarding Plaintiff's "RFC is not supported by substantial evidence, that further findings concerning plaintiff's handling, fingering and reaching limitations are required, that plaintiff has presented sufficient evidence for, and that well-supported findings establish that, plaintiff's claim has reached the fifth step adjudicative stage." The action was remanded "for a new hearing to reconsider the evidence and issue an amended RFC upon which to question the vocational expert at a new post-remand hearing and a new decision in compliance with the above." R. 335–36.

On August 21, 2015, the Appeals Council remanded the matter for further proceedings consistent with Judge Hayden's Order. R.358–61. ALJ O'Leary held a second administrative hearing on December 3, 2015, at which Plaintiff, who was again represented by counsel, appeared and testified, as did a vocational expert. R. 313–34. In a decision December 23, 2015, ALJ O'Leary concluded that Plaintiff was not disabled within the meaning of the Social Security Act from December 8, 2010, through the date of that decision. R. 366–71. In response to Plaintiff's written exceptions to ALJ O'Leary's second decision, R. 418–19, the Appeals

2

Council on May 24, 2017, remanded the matter to a different ALJ for further evaluation. R. 376–80. The Appeals Council directed the new ALJ to obtain additional evidence, to consider further whether Plaintiff had engaged in substantial gainful activity since his application date of December 8, 2010, to consider further Plaintiff's maximum RFC, to find that Plaintiff could not perform his past relevant work, and to evaluate Plaintiff's claim at step five of the sequential evaluation. R. 379–80.

The newly-assigned ALJ, Sharon Allard ("ALJ Allard"), held a third hearing on October 4, 2017, at which Plaintiff, who was again represented by counsel, appeared and testified, as did a vocational expert R. 277–312. In a decision dated November 24, 2017, ALJ Allard concluded that Plaintiff was not disabled within the meaning of the Social Security Act from December 8, 2010, through the date of that decision. R. 260–76.

Plaintiff timely filed this appeal from that final decision pursuant to 42 U.S.C. § 405(g). ECF No. 1. On August 3, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 10.[2] On March 11, 2020, the case was reassigned to the undersigned. ECF No. 24. The matter is now ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9,

2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482. Absent such articulation, the Court

"cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As

the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the
> weight [s/]he has given to obviously probative exhibits, to say that [the] decision is
> supported by substantial evidence approaches an abdication of the court's duty to
> scrutinize the record as a whole to determine whether the conclusions reached are
> rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can

enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or

without remanding the cause for a rehearing."  42 U.S.C. § 405(g). Remand is appropriate if the

record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or

contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210,

221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a

complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the

record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see*

*A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award

benefits should be made only when the administrative record of the case has been fully

developed and when substantial evidence on the record as a whole indicates that the claimant is

disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation

omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to

support an award of benefits, courts take a more liberal approach when the claimant has already

faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An

award is "especially appropriate when "further administrative proceedings would simply prolong

[Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

###    B.    Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

7

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.   ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 31 years old on the date his application was filed. R. 269.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. R. 261.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: dysfunction of major joints, status post gunshot wound of the left hand, affective disorder, and anxiety disorder. *Id*. The ALJ also found that Plaintiff's history of cannabis dependence, which was related to his mental conditions, was not a severe impairment. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 263−64.

At step four, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to various additional limitations. R. 264−69. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a

warehouse worker and construction worker. R. 269.

At step five, the ALJ found that a significant number of jobs—*i.e*., approximately 44,000 jobs as a furniture rental clerk; approximately 926,000 jobs as a cleaner – housekeeper; approximately 975,000 jobs as an information clerk—existed in the  national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 269–70. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act since December 8, 2010, the date the application was filed. R. 270.

Plaintiff disagrees with the ALJ's findings at steps four and five as well as ALJ Allard's consideration of his subjective complaints. He asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 19. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 23.

## IV.   DISCUSSION

### A.   RFC

Plaintiff argues that ALJ Allard's RFC determination is not supported by substantial evidence. *Plaintiff's Moving Brief*, ECF No. 19, pp. 18–25. This Court disagrees.

A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. § 416.945(a)(1). At the administrative hearing stage, an ALJ is charged with determining the claimant's RFC. 20 C.F.R. §§ 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State

agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, an ALJ has a duty to consider all the evidence. *Plummer*, 186 F.3d at 429. However, the ALJ need include only "credibly established" limitations. *Rutherford*, 399 F.3d at 554; *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to exclude from the RFC "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, ALJ Allard determined that Plaintiff had the RFC to perform a full range of exertion with certain additional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant had no standing, sitting, or walking limitations. The claimant could lift and/or carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently. The claimant can perform simple and routine tasks with his left upper extremity limited to frequent reaching and handling, and occasional fingering.

R. 264. In making this determination, ALJ Allard detailed years of record evidence, including, *inter alia*, that Plaintiff had a normal gait, symmetrical and well developed extremities/normal and symmetric bilateral upper limbs, 5/5 motor strength on his right side, mild limitations in his left upper extremity, full range of motion except five to ten degrees decrease of the left elbow, negative straight leg raising, decreased sensation over the left thumb and index finger compared to the right hand, a history of conservative treatment with no treatment since 2011, use of only over the counter medication, thought processes within normal limits, good long and short term memory, no appearance of being cognitively impaired, no history of delusions, hallucinations, or

10

hospitalizations, no use of psychotropic drugs, and emotional and behavioral conditions or complications that were mild in severity with potential to distract from recovery. R. 266–69. The record unquestionably contains substantial evidence to support this RFC determination. *See Zirnsak*, 777 F.3d at 615; *Rutherford*, 399 F.3d at 554; *Plummer*, 186 F.3d at 429.

Plaintiff, however, argues that this RFC determination is not supported by substantial evidence for several reasons. *Plaintiff's Moving Brief*, ECF No. 19, pp. 16–25. Plaintiff first complains that ALJ Allard did not explain why she concluded that Plaintiff could frequently reach and handle with his left upper extremity but only occasionally finger with that extremity. *Id*. at 17–18, 22. The record reflects, however, that ALJ Allard based the limitation to frequent reaching and handling on the medical record, which reflected only mild limitation of function in Plaintiff's left upper extremity, R. 221–23, 264, 266–68, mild left shoulder and elbow weakness, R. 223, 267, and mild left bicep and forearm atrophy, R. 223–24, 267. Similarly, the more significant deficiency in Plaintiff's decreased left-hand sensation, R. 213, 223, 266–67, supports a more restrictive limitation to only occasional fingering. R. 264.

Plaintiff also contends that, although ALJ Allard found two severe psychiatric impairments, *i.e.*, affective disorder and anxiety disorder, the RFC reflects "no RFC restriction whatsoever[.]" *Plaintiff's Moving Brief*, ECF No. 19, p. 22 (arguing further that the RFC reflects no limitation arising from his post-traumatic disorder ("PTSD")). This Court disagrees. ALJ Allard did include a nonexertional limitation when restricting Plaintiff to simple and routine tasks. R. 264. The medical record does not support greater restrictions where Plaintiff's mental health treatment was limited to an intake evaluation performed by Christine Donnelly, LCSW, on June 7, 2011, and two follow up visits within the following two weeks. R. 228–33. Although these records reflect that Plaintiff complained of feeling depressed, having a lot of nightmares

11

and flashbacks, they also reflect that he had normal thought processes, good long and short-term memory, and no apparent cognitive impairment, all of which ALJ Allard specifically considered. R. 228, 266−67. ALJ Allard also specifically considered Plaintiff's depression, anxiety, nightmares, and flashbacks when concluding that Plaintiff had a moderate limitation in the areas of concentrating, persisting, or maintaining pace. R. 264. A restriction limiting Plaintiff to simple and routine tasks "adequately accounts for moderate limitations in concentration, persistence, or pace." *Pimentel v. Colvin*, No. CV 15-2662, 2016 WL 3456919, at *12 (D.N.J. June 21, 2016). Moreover, other than complaining, but without citation to the record, Plaintiff does not explain why this moderate limitation results in greater or different limitations than those found by ALJ Allard, would lead to a different result than that found by the ALJ, or would require remand by this Court. *See Plaintiff's Moving Brief*, ECF No. 19, p. 22.

Plaintiff further complains that the record reflects that a limited range of motion in his left shoulder, only 2/5 strength in his left hand, loss of sensation, and neuropathic pain, but that the RFC does not accommodate these limitations. *Plaintiff's Moving Brief*, ECF No. 19, pp. 22−23. Plaintiff's argument is not well taken. The record reflects that Plaintiff had 5/5 motor strength on right side, near full strength on the left side, and full range of motion except five to ten degrees decrease of the left elbow, which ALJ Allard accommodated by limiting Plaintiff to frequent (instead of constant) reaching and handling with the left upper extremity. R. 264, 266−68. The ALJ also accounted for Plaintiff's decreased sensation in his left fingers by limiting him to occasional fingering. R. 222, 264, 267−68. To the extent that there is evidence that Plaintiff had greater limitations in his left upper extremity, the Court "will uphold the ALJ's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied." *Johnson v. Comm'r of Soc. Sec.*, 497 F. App'x 199,

201 (3d Cir. 2012) (citing *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986)); *see also*

*Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to

reweigh the evidence or impose their own factual determinations [under the substantial evidence

standard].");  *Hatton v. Comm'r of Soc. Sec. Admin.*, 131 F. App'x 877, 880 (3d Cir. 2005)

("When 'presented with the not uncommon situation of conflicting medical evidence . . .  [t]he

trier of fact has the duty to resolve that conflict.'") (quoting *Richardson v. Perales*, 402 U.S. 389,

399 (1971)). This Court therefore declines Plaintiff's invitation to re-weigh the evidence or to

impose its own factual determination. *See Chandler*, 667 F.3d at 359; *Zirnsak*, 777 F.3d at 611

(stating that a reviewing court "must not substitute [its] own judgment for that of the fact

finder"). Finally, to the extent that Plaintiff relies on his own subjective statements that he is

completely unable to use his left upper extremity, ALJ Allard, for the reasons discussed in more

detail later in this *Opinion and Order*, concluded that the medical evidence did not support

complete disability of the left arm. As previously noted, an ALJ need include only "credibly

established" limitations, *i.e.*, limitations "that are medically supported and otherwise

uncontroverted in the record." *Rutherford*, 399 F.3d at 554; *see also Grella v. Colvin*, No. 3:12-

CV-02115, 2014 WL 4437640, at \*18 (M.D. Pa. Sept. 9, 2014) ("[T]he ALJ cannot

accommodate limitations which do not exist, or which cannot be found in the medical record. No

specific functional limitations were provided by any of Plaintiff's medical sources with respect

to her carpal tunnel syndrome[.]") (internal citation and quotation marks omitted).

Plaintiff characterizes as an inconsistency ALJ Allard's statement that Plaintiff has the

RFC to perform "a full range of work at all exertional levels but with the following nonexertional

limitations[,]" R. 264, in light of ALJ Allard's articulation of exertional limitations, including in

Plaintiff's ability to lift and/or carry and push/pull. *Id*. at 22−23 (citing R. 264). However, a fair

13

reading of the RFC determination makes clear that the reference to a full range of work at all exertional levels with only "nonexertional" limitations was simply a scrivener's error and that ALJ Allard patently intended to include, and did in fact include, exertional limitations in the RFC. R. 264. This error therefore does not provide a basis to remand. *See Mims v. Berryhill*, No. CV 18-9286, 2019 WL 1326892, at *5 (D.N.J. Mar. 25, 2019) (affirming ALJ's decision where the Court found "that the ALJ's later written statement stating [the plaintiff] could only sit for two hours in a day was merely a scrivener's error. It is apparent that the error was merely a typographical error").

Similarly, Plaintiff questions ALJ Allard's restriction that he "can perform simple and routine tasks with his left upper extremity limited to frequent reaching and handling, and occasional fingering[,]" R. 264, contending that this limitation is confusing and defies explanation. *Plaintiff's Moving Brief*, ECF No. 19, pp. 17, 24−25. ALJ Allard's phrasing in this regard is certainly awkward, but the hearing transcript reveals that the awkwardness of the phrasing resulted from a drafting error.[3] When presenting hypothetical questions to the vocational expert, ALJ Allard properly included a limitation to "simple and routine tasks" to accommodate Plaintiff's mental impairments, and separated the limitations in his left upper extremity to frequent reaching and handling and occasional fingering. R. 301−03. Her subsequent drafting error in her written decision will not serve as a basis to remand this action. *See Mims*, 2019 WL 1326892, at *5 (finding that "because the ALJ provided an accurate description to the VE in asking for occupations that may be available" to the plaintiff who,

---

[3] Adding a comma or semi-colon after "simple and routine tasks" in the written decision would have clarified that the limitation associated with Plaintiff's mental impairments was separate from the limitations associated with Plaintiff's left upper extremity.

among other restrictions could sit for approximately six hours, the ALJ's later written statement that the plaintiff could sit for only two hours was a scrivener's error).

Plaintiff goes on to argue that ALJ Allard failed to clarify in the RFC determination whether Plaintiff can lift and carry ten to twenty pounds all day with only one hand, or whether she found that he is capable of lifting and carrying with both hands. *Plaintiff's Moving Brief*, ECF No. 19, pp. 22, 25. However, in discussing her RFC determination, ALJ Allard specifically stated, "[T]he medical evidence on record supports the claimant's ability to use his right hand is sufficient to perform light lifting and/or carrying and push/pull with the right upper extremity." R. 268. In any event, as previously discussed and as discussed in more detail below, ALJ Allard found that the medical evidence did not support a finding that Plaintiff was unable to use his left arm; rather, the evidence indicated that Plaintiff had symmetrical and well developed extremities/normal and symmetric bilateral upper limbs, mild limitations in his left upper extremity, full range of motion except five to ten degrees decrease of the left elbow, decreased sensation over the left thumb and index finger compared to the right hand, a history of conservative treatment with no treatment since 2011, and use of only over the counter medication. R. 266–69. Moreover, Plaintiff has not explained how distinguishing between lifting and carrying with one hand or both hands makes a vocational difference. *See Plaintiff's Moving Brief*, ECF No. 19, pp. 22, 25. Notably, during the administrative hearing before ALJ Allard, Plaintiff's counsel questioned the vocational expert, including, *inter alia*, about reaching, handling, and fingering with both hands, but did not ask about whether lifting and carrying must be accomplished with one or both hands. R. 304–08.

For all these reasons, the Court concludes that ALJ Allard's RFC determination is consistent with the medical evidence and enjoys substantial support in the record.

B.      **Subjective Complaints**

Plaintiff also challenges ALJ Allard's consideration of his subjective complaints, arguing that she failed to properly evaluate his complaints of pain related to his left upper extremity. *Plaintiff's Moving Brief*, ECF No. 19, pp. 25–33. This Court disagrees.

"Subjective allegations of pain or other symptoms cannot alone establish a disability." *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017) (citing 20 C.F.R. § 416.929(a)). Instead, objective medical evidence must corroborate a claimant's subjective complaints. *Prokopick v. Comm'r of Soc. Sec.*, 272 F. App'x 196, 199 (3d Cir. 2008) (citing 20 C.F.R. § 404.1529(a)). Specifically, an ALJ must follow a two-step process in evaluating a claimant's subjective complaints. SSR 16-3p, 2016 WL 1119029 (March 16, 2016). First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.* "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" *Id.*; *see also Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) ("[Evaluation of the intensity and persistence of the pain or symptom and the extent to which it affects the ability to work] obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.") (citing 20 C.F.R. § 404.1529(c)). In this evaluation, an ALJ considers objective medical evidence as well as other evidence relevant to a claimant's symptoms. 20 C.F.R. § 416.929(c)(3) (listing the following factors to consider: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and

aggravating factors; the type, dosage, effectiveness, and side effects of any medication you take

or have taken to alleviate pain or other symptoms; treatment, other than medication, currently

received or have received for relief of pain or other symptoms; any measures currently used or

have used to relieve pain or other symptoms; and other factors concerning your functional

limitations and restrictions due to pain or other symptoms).

Finally, "[t]he ALJ has wide discretion to weigh the claimant's subjective complaints,

*Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), and may discount them where they are

unsupported by other relevant objective evidence." *Miller*, 719 F. App'x at 134 (citing 20 C.F.R.

§ 416.929(c)); *see also Izzo v. Comm'r of Soc. Sec.,* 186 F. App'x 280, 286 (3d Cir. 2006) ("[A]

reviewing court typically defers to an ALJ's credibility determination so long as there is a

sufficient basis for the ALJ's decision to discredit a witness.").[4]

Here, ALJ Allard followed this two-step evaluation process.  After considering the record

evidence, including Plaintiff's hearing testimony, ALJ Allard concluded that Plaintiff's

medically determinable impairments could reasonably be expected to cause symptoms, but that

Plaintiff's "statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record

for the reasons explained in this decision." R. 266. ALJ Allard went on to specifically address

Plaintiff's allegations about his inability to use his left upper extremity as follows:

> [T]he medical evidence on record does not support complete arm disability. The
> claimant acknowledged in his testimony that since 2009 he had used his right hand
> exclusively. In addition to testimony, the medical evidence on record supports that
> the claimant's ability to use his right hand is sufficient to perform light lifting and/or

---

[4] SSR 16-3p superseded SSR 96-7p on March 26, 2016, and eliminated the use of the term "credibility."  SSR 16-3p.  However, "while SSR 16-3P clarifies that adjudicators should not make statements about an individual's truthfulness, the overarching task of assessing whether an individual's statements are consistent with other record evidence remains the same." *Levyash v. Colvin*, No. CV 16-2189, 2018 WL 1559769, at *8 (D.N.J. Mar. 30, 2018).

> carrying and push/pull with the right upper extremity. He also acknowledged that
> only recent medication was over the counter medication.

R. 268. ALJ Allard also detailed years of record evidence, including, *inter alia*, symmetrical and

well developed extremities/normal and symmetric bilateral upper limbs, 5/5 motor strength on

his right side, mild limitations in his left upper extremity, full range of motion except five to ten

degrees decrease of the left elbow, decreased sensation over the left thumb and index finger

compared to the right hand, and a history of conservative treatment with no treatment since 2011.

R. 266−69. To the extent that Plaintiff complains that ALJ Allard failed to sufficiently explain

the reaching, handling, and fingering limitations articulated in the RFC, *see Plaintiff's Moving*

*Brief*, ECF No. 19, pp. 30−33, those arguments are unavailing for the reasons previously

discussed.

Accordingly, this Court finds that ALJ Allard has sufficiently explained her reasoning in

assessing Plaintiff's subjective complaints, and her findings in this regard are supported by

substantial evidence in the record. Her evaluation of Plaintiff's subjective complaints is therefore

entitled to this Court's deference. *See* SSR 16-3p; *Miller*, 719 F. App'x at 134; *cf. Malloy v.*

*Comm'r of Soc. Sec.*, 306 F. App'x. 761, 765 (3d Cir. 2009) ("Credibility determinations as to a

claimant's testimony regarding pain and other subjective complaints are for the ALJ to make.")

(citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)); *Davis v. Comm'r Soc. Sec.*,

105 F. App'x 319, 322 (3d Cir. 2004) (finding that the ALJ sufficiently evaluated the plaintiff's

testimony where "the ALJ devoted two pages to a discussion of claimant's subjective complaints

and cited Claimant's daily activities and objective medical reports"); *Campbell v. Berryhill*, No.

CV 17-1714, 2018 WL 3575255, at *11 (E.D. Pa. July 25, 2018) ("'A diagnosis of fibromyalgia

does not automatically render a person unable to perform jobs that exist in significant numbers in

the national economy.'") (quoting *Edelman v. Astrue*, 2012 WL 1605102, at \*4 (E.D. Pa. May 8, 2012)).

ALJ Allard's assessment of Plaintiff's subjective complaints therefore cannot serve as a basis for remand of this action. *Id*.

### C.     Step Five

Finally, Plaintiff challenges ALJ Allard's step five determination, arguing that the Commissioner did not carry his burden because the hypothetical questions posed to the vocational expert, which included ALJ Allard's RFC determination, failed to include all of Plaintiff's claimed limitations. *Plaintiff's Moving Brief*, ECF No. 19, pp. 33−37 (citing R. 302−307). Plaintiff's argument is not well taken.

"[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work[.]" 20 C.F.R. § 416.960(b)(2). "While 'the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations,' . . . '[w]e do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant.'" *Smith v. Comm'r of Soc. Sec*., 631 F.3d 632, 634 (3d Cir. 2010) (quoting *Rutherford*, 399 F.3d at 554). "[T]o accurately portray a claimant's impairments, the ALJ must include all 'credibly established limitations' in the hypothetical. *Zirnsak*, 777 F.3d at 614 (citing *Rutherford*, 399 F.3d at 554). Credibly established limitations are limitations "that are medically supported and otherwise uncontroverted in the record." *Rutherford*, 399 F.3d at 554. "Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing evidence but cannot reject

19

evidence for no reason or for the wrong reason." *Id.* (citations and internal quotation marks omitted). Finally, a "vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the [ALJ's hypothetical] question accurately portrays the claimant's individual physical and mental" limitations. *Podedworny*, 745 F.2d at 218.

Here, in her second hypothetical question, ALJ Allard asked the vocational expert to assume an individual with Plaintiff's vocational profile and the abilities set forth in the RFC ultimately found by her, including, *inter alia*, an individual capable of lifting and carrying and pushing and pulling up to 20 pounds occasionally and 10 pounds frequently, frequent reaching and handling, and occasional fingering. R. 301–02. The vocational expert responded that the occupations of furniture rental clerk, cleaner, housekeeping, and information clerk would be available to such an individual. R. 302–03. ALJ Allard relied on this testimony to conclude that there exist a significant number of jobs in the national economy that Plaintiff could perform and that, therefore, he was not disabled within the meaning of the Social Security Act. R. 270. For the reasons discussed previously in this decision, this hypothetical sufficiently captured Plaintiff's credibly established limitations and therefore supported ALJ Allard's determination at step five. *See Rutherford*, 399 F.3d at 554; *Podedworny*, 745 F.2d at 218.

Plaintiff challenges this finding because the vocational expert also testified that there would be no work available if the hypothetical individual had no functional use of the left upper extremity. *Plaintiff's Moving Brief*, ECF No. 19, pp. 34–35 (citing R. 304). Plaintiff goes on to note that the vocational expert testified that the occupation of furniture rental clerk requires the ability to use both hands occasionally for handling and fingering. *Id.* at 35–37 (citing R. 305–07 (reflecting vocational expert testimony in response to Plaintiff's counsel's questions)). However,

as previously discussed, ALJ Allard did not find that Plaintiff had no functional use of his left arm or hand, instead finding, based on the medical evidence, that Plaintiff retained the functional ability for frequent reaching and handling and occasional fingering with his left upper extremity. R. 264, 266−69. This Court concludes that substantial evidence supports ALJ Allard's determination in this regard. Accordingly, the Court also concludes that the Commissioner has carried his burden at step five of the sequential evaluation.

## V.   CONCLUSION

For all these reasons, the Court **AFFIRMS** the Commissioner's decision.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  September 25, 2020               *s/Norah McCann King*
                                        NORAH McCANN KING
                                        UNITED STATES MAGISTRATE JUDGE